IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **ANTHONY A. WIRTH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| **NELNET, a Nebraska corporation,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **EDUCATIONAL CREDIT** | ) | |
| **MANAGEMENT CORPORATION,** | ) | |
| a Minnesota corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Educational Credit Management Corporation ("Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§1334 and 1452, effecting removal of this case, Civil Docket No. 10-CH-44 in the Sixth Judicial Circuit, Piatt County, State of Illinois (the "State Court Action"), to the United States District Court for the Central District of Illinois, Urbana Division. As grounds for removal, ECMC states as follows:

### OVERVIEW

1. On or about September 1, 2010, Plaintiff Anthony Wirth ("Plaintiff") filed a Complaint (the "Complaint") for Declaratory Judgment and for Injunctive Relief in the Sixth Judicial Circuit, Piatt County, State of Illinois, styled *Anthony A. Wirth v. NELNET and Educational Credit Management Corporation,* Case No. 10-CH-44 (the "State Court Action").

2. Plaintiff's Complaint in the State Court Action seeks a declaratory judgment that Plaintiff's student loan debt was discharged in a Chapter 13 bankruptcy proceeding he filed in

1991 and seeks damages from Defendant and Nelnet as a result of alleged improper collection actions in violation of such alleged discharge injunction issued by the bankruptcy court.

3. Thus, Plaintiff's Complaint is a core bankruptcy proceeding and/or "arises under," "arises in," or "relates to" a bankruptcy case such that it is subject to federal bankruptcy jurisdiction under 28 U.S.C. § 1334 and removal pursuant to 28 U.S.C. § 1452.

4. This is a core proceeding pursuant to 28 U.S.C. § 157, as it invokes substantive rights created by the federal bankruptcy law and could not exist outside of bankruptcy. *See In re Pettibone Corp.*, 151 B.R. 166 (Bankr. N.D. Ill. 1993) (finding core jurisdiction over a declaratory judgment and injunction action seeking to bar a person injury lawsuit due to discharge because the matters "clearly involve the adjudication of substantive Title 11 rights, and they could not exist outside of Bankruptcy"); *In re Christopher*, 148 B.R. 832 (Bankr. N.D. Tex. 1992) (holding that action seeking declaration that certain claims were discharged was a core proceeding pursuant to 28 U.S.C. § 157); *In re Polysat*, 152 B.R. 886, 888 (Bankr. E.D. Pa. 1993) ("As the instant proceeding concerns the scope of the discharge injunction…it is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), or (O)").

## STATEMENT OF FACTS AND BASIS FOR REMOVAL

A. **THE REMOVAL IS TIMELY.**

5. Plaintiff filed the State Court Action on September 1, 2010.

6. On April 4, 2011, Defendant's undersigned counsel informed Plaintiff's counsel that it would agree to accept service on the date they received the Summons and Complaint. A true and correct copy of the April 4, 2011 letter is attached hereto as **Exhibit A.**

7. On May 16, 2011, Plaintiff's counsel mailed Defendant's counsel the Summons and Complaint for service. A true and correct copy of Plaintiff's counsel's letter dated May 16, 2011 is attached hereto as **Exhibit B.**

8. On May 20, 2011, Defendant's counsel confirmed that they accepted service effective May 18, 2011, when it received the Summons and Complaint. A true and correct copy of Defendant's counsel's May 20, 2011 letter is attached hereto as **Exhibit C.**

9. The co-defendant in this case, Nelnet, has not been served, nor has it entered its appearance in the State Court Action.

10. This Notice of Removal is therefore being filed within thirty (30) days after service of the Summons and Complaint on ECMC on May 18, 2011. Therefore, removal is timely pursuant to 28 U.S.C. § 1446.

**B.    THE PROCESS, PLEADINGS AND ORDERS ARE ATTACHED.**

11. The Complaint and Summons constitute all process, pleadings and orders served on or by Defendant in this action within the meaning of 28 U.S.C. §1446.

12. A true and correct copy of the Complaint is attached hereto as **Exhibit D** and a true and correct copy of the Summons is attached hereto as **Exhibit E**.

**C.    VENUE FOR REMOVAL IS PROPER IN THIS DISTRICT.**

13. This notice is properly filed in the Central District, Urbana Division because it is the district and division within which the underlying civil action is pending in Piatt County, Illinois. 28 U.S.C. § 1452(a).

14. In addition, a district court may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district" pursuant to the authority granted under 28 U.S.C. § 157(a). Local Rule 4.1 for the Central District of Illinois similarly provides for the automatic referral of all bankruptcy matters to the

Bankruptcy Court:  "All cases under Title 11, United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to by the bankruptcy judges for the district."  As explained below, this matter arises under and related to a case under Title 11.  Thus, ECMC has filed with this motion a Motion to Refer Case to Bankruptcy Court Pursuant to 28 U.S.C. § 157 and Local Rule 4.1.

D. **THE STATE COURT ACTION RELATES TO, ARISES IN AND ARISES UNDER A BANKRUPTCY CASE AND THEREFORE THIS COURT HAS FEDERAL QUESTION JURISDICTION.**

15. 28 U.S.C. § 1452(a) governs the removal of a civil action to a district court. Section 1452(a) provides, in pertinent part, that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).

16. A district court has subject matter jurisdiction under 28 U.S.C. § 1334 if the claim or cause of action sought to be removed "arises under" the Bankruptcy Code or "arises in" or "relates to" a bankruptcy case. 28 U.S.C. §1334(a).  *See also Pertuso v. Ford Mortor Credit Co.*, 233 F.3d 417 (6th Cir. 2000) (Congress has vested "exclusive jurisdiction over bankruptcy matters in the federal district courts")

17. On January 17, 1991, Plaintiff filed a Chapter 13 Bankruptcy, Case No. 91-60066, in the United States Bankruptcy Court for the Western District of Missouri (the "Bankruptcy Case").

18. One of the debts listed in the Bankruptcy Case was Plaintiff's student loan debt with the Bank of Crocker in the original principal amount of $7,500 (the "Student Loan Debt").

During the pendency of the Bankruptcy Case, the Student Loan Debt was transferred to the Missouri Department of Higher Education ("MDHE").

19. Between August and September 1993, the bankruptcy trustee filed correspondence in the Bankruptcy Case noting that the Bank of Crocker indicated it had been paid in full by the guarantor of the Student Loan Debt, the Missouri Coordinating Board for Higher Education ("MCBHE"), and inquired whether Plaintiff's bankruptcy counsel intended to amend Plaintiff's Chapter 13 plan to list MCBHE as holding the outstanding Student Loan Debt in light of the transfer of the debt to MCBHE.

20. Plaintiff, however, did not amend his Chapter 13 plan and as a result, the Student Loan Debt was simply transferred from one creditor to another and was neither paid off nor discharged in the Bankruptcy Case, nor was it ever the subject of any adversary proceeding to determine an "undue hardship" discharge. *See*, 11 U.S.C. § 523(a)(8).

21. Plaintiff's Student Loan Debt was subsequently assigned to ECMC, via an April 5, 2007, assignment of claim.

22. Plaintiff's Complaint alleges that the Student Loan Debt owed by the Plaintiff was allegedly discharged in the Bankruptcy Case and that ECMC's collection efforts violate the bankruptcy court's discharge injunction. Specifically, in his Complaint, "Plaintiff seeks a declaration by the court that this claim was discharged by the Bankruptcy Court in 1993, and therefore deny [sic] any subsequent collection action" on Plaintiff's Student Loan Debt. (**Exhibit D**, Complaint at ¶24). ECMC denies the allegations made against it. In addition, the file from the Bankruptcy Case clearly indicates that the debt has not been discharged or paid off, which is the sole basis for Plaintiff's Complaint.

23. Accordingly, Plaintiff's Complaint is an action alleging a violation of the discharge injunction of 11 U.S.C. § 524 in Plaintiff's prior Bankruptcy Case, and thus this matter is subject to bankruptcy court jurisdiction despite the completion of Plaintiff's chapter 13 plan. *See, e.g., In re Loving*, 269 B.R. 655 (S.D. Ind. Bankr. 2001) (in alleged discharge injunction action against ECMC, bankruptcy court held it had continuing jurisdiction four years after completion of Chapter 13 plan and that debtor had to bring adversary proceeding to obtain determination on entitlement to "undue hardship" discharge of student loan debt).

24. The State Court Action therefore relates to, arises in, and/or arises under the Bankruptcy Case and the State Court Action is subject to federal bankruptcy jurisdiction under 28 U.S.C. § 1334 and removal pursuant to 28 U.S.C. § 1452, because it relates to, arises in, and/or arises under a bankruptcy case and is a core proceeding. *See In re Pettibone Corp.*, 151 B.R. 166 (Bkrtcy. N.D. Ill. 1993) (bankruptcy court had core bankruptcy jurisdiction over debtor's request for declaratory and injunctive relief relating to whether claim was discharged in bankruptcy because the matters "clearly involve the adjudication of substantive Title 11 rights, and they could not exist outside of Bankruptcy"); *In re Christopher*, 148 B.R. 832 (Bkrtcy N.D. Tex. 1992) (holding that action seeking declaration that certain claims were discharged was a core proceeding).

25. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: _*/s/ Kameron W. Murphy*_
David P. Stoeberl  #6244847
Kameron W. Murphy  #6291840
120 South Central Avenue, Suite 1800
St. Louis, Missouri  63105-1705
314-854-8600  Telephone
314-854-8660  Facsimile
dps@carmodymacdonald.com
kwm@carmodymacdonald.com

OF COUNSEL:
Kelly Prettner
Educational Credit Management Corporation
1 Imation Place, Building 2
Oakdale, Minnesota 55128
651-325-3223  Telephone

*Attorneys for Defendant Educational Credit Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2011, a copy of the foregoing was served, via first-class mail, postage prepaid, on the following:

David K. Cox
Cox Law Office
Washington Plaza
112 West Washington St.
Monticello, IL 61856
217-762-3800
217-762-3790 (fax)

Attorney for Plaintiff Anthony Wirth

*/s/ Kameron W. Murphy*